JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES F. HOLDERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 4897 | DATE | August 1, 2001 |
| CASE TITLE | Robert Henderson (A-01298) v. Roberta M. Fews, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion for leave to file in forma pauperis [3-1] is granted. The trust fund officer at plaintiff's place of incarceration is directed to make deductions and payments as set forth in the Order. The clerk shall send a copy of this order to the trust fund officer at Sheridan Correctional Center. This action is dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. This dismissal counts as one of plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

(11) ■ For further detail see order attached to the original minute order.

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | AUG 0 2 2001 |
| | Notified counsel by telephone. | | date docketed |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 AUG -2 AM 8:11 | |
| X | courtroom deputy's initials | | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT HENDERSON (A-01298),  )
                             )
    Plaintiff,                )
                             )   No. 01 C 4897
    v.                        )
                             )   Judge James F. Holderman
ROBERTA M. FEWS, et al.       )
                             )
    Defendants.               )

DOCKETED
AUG 0 2 2001

## MEMORANDUM OPINION AND ORDER

Plaintiff Robert Henderson, a prisoner in custody at Sheridan Correctional Center, filed this pro se complaint under 42 U.S.C. § 1983 against various officials and employees of the Illinois Department of Corrections (IDOC) and "unknown manufactors [sic] and distributors of tobacco products sold to inmates at the Sheridan Correctional Center." Henderson claims that exposure to second-hand smoke in the prison dayroom constitutes cruel and unusual punishment in violation of the Eighth Amendment, as applied to the states through the Fourteenth.

Although the caption of the complaint names as plaintiffs a large number of Henderson's co-residents at Sheridan Correctional Center, only Henderson filed an application for leave to proceed in forma pauperis. On June 27, 2001, the court entered an order stating that unless the filing fee was prepaid, only persons who had filed applications for leave to proceed in forma pauperis would be counted as plaintiffs in this action. None of the other persons named as plaintiffs filed applications, and the court accordingly treats Henderson as the sole plaintiff. Henderson is granted

leave to file in forma pauperis, and pursuant to 28 U.S.C. § 1915(b) he is required to pay the filing fee.[1]

Under 28 U.S.C. § 1915A the court is to review complaints filed by prisoners against officers or employees of governmental entities and dismiss any portion of the complaint it finds frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. In determining whether the complaint states a claim upon which relief may be granted, the court applies the standard employed in deciding a motion to dismiss under Rule 12(b)(6), taking all well-pleaded allegations of the complaint as true and viewing them in the light most favorable to the plaintiff. *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000). Henderson has not alleged an Eighth Amendment claim.

Henderson is a non-smoker. Although his cell is in a non-smoking area, smoking is permitted in the dayroom. Henderson wants the prison administration to either provide a non-smoking recreational area, or stop the sale of smoking materials to his fellow inmates. He states that the present policy of permitting tobacco to be sold to inmates "exposes plaintiff (and all prisoners) to a significantly increased risk of contacting [sic] a serious latent disease." Cmplt. at 17. Failure to provide a recreational area free from environmental tobacco smoke (ETS) "poses a significant and unreasonable risk of harm to plaintiff's health and denies him and all non-smoking inmates the right to safe conditions of confinement." *Id.* Henderson states that he has high blood pressure. He alleges that ETS "increases the health risks of those inmates with serious health

---

[1] Pursuant to 28 U.S.C. § 1915(b)(1), Henderson is assessed an initial partial filing fee of $4.52. The trust fund officer at Henderson's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from his trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the correctional facility where Henderson is confined is directed to collect monthly payments from Henderson's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Henderson's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $150 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Fiscal Dept., and shall clearly identify Henderson's name and the case number assigned to this action.

2

problems such as ... asthma, bronchitis, emphysema and high blood pressure like plaintiff Henderson." *Id.* at 16.

Henderson filed an administrative grievance asking that the dayroom be made non-smoking or that a separate non-smoking dayroom be provided. Cmplt. Exhs. A1-A3. In her response, attached as an exhibit to the complaint, defendant Roberta Fews, warden of Sheridan,[2] stated that "Dayrooms are considered a smoking area. ... "[Y]ou are not 'being forced to endure this threat to your health,' as stated in your letter. You have an alternative choice to stay in your assigned living area or take part in another privilege by going to gym or yard." Cmplt. Exh. A5. Her denial of Henderson's grievance was upheld by defendant Donald N. Snyder, Director of the Illinois Department of Corrections (IDOC). Cmplt. Exh. A6.

An Eighth Amendment claim must contain both an objective and a subjective component. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999). Henderson has satisfied the subjective prong, in that his grievances adequately apprised the IDOC defendants of his complaints, so their refusal to change the prison's policy was knowing and intentional. However, "the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). According to the Supreme Court, "[E]xtreme deprivations are required to make out a conditions-of-confinement claim. Because routine discomfort is "part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)(internal citations and quotations omitted). Henderson's allegations do not meet this test.

While exposure to ETS could, in a particular case, constitute a sufficiently serious risk to an inmate's health to implicate the Eighth Amendment, *Helling v. McKinney*, 509 U.S. 25 (1993),

---

[2] Defendant Danny Jaimet, Jr. has replaced defendant Fews as warden of Sheridan Correctional Center.

3

exposure to ETS is not an objectively serious injury per se. *Id.* at 34-35; *Henderson*, 196 F.3d at 846. A serious injury or medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Henderson*, 196 F.3d at 846 (*quoting Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir.1997)(internal citation omitted). Because Henderson has not alleged that he has sought medical treatment for any smoke-related condition, or even that he is suffering any medical symptoms, his complaint fails this test. Indeed, the plaintiff in *Henderson* failed to state a claim even though he had alleged symptoms that might well have been related to his exposure to smoke -- breathing problems, chest pains, dizziness, sinus problems, headaches and a loss of energy. The Court of Appeals agreed with the district court that these symptoms were, "objectively speaking, relatively minor." *Id.* The court noted that the complaint had not alleged that the plaintiff had been diagnosed as having a medical condition requiring a smoke-free environment, nor had he been treated for any condition brought about by exposure to second-hand smoke. *Id.*; *see also Oliver v. Deen*, 77 F.3d 156, 158-61 (7th Cir. 1996)(concluding that asthmatic prisoner had failed to demonstrate a serious medical need for a non-smoking environment even though exposure to second-hand smoke aggravated his condition).

Henderson also has failed to state a claim based on the possibility of future injury as a consequence of his exposure to smoke. Although in *Henderson* this claim survived a motion to dismiss and was resolved on summary judgment, the present case differs in two major respects. First, the plaintiff in *Henderson* had alleged physical symptoms that one could infer resulted from smoke exposure. While the Court of Appeals agreed that the symptoms did not rise to the level of a serious medical need, they would support an inference that damage was being inflicted on the plaintiff's body over time. Here, Henderson has alleged no symptoms at all. Second, the plaintiff in *Henderson* claimed *continuous* exposure to excessive levels of second-hand smoke. *Henderson*,

4

196 F.3d at 843. Here, while Henderson may be required to spend some time in the dayroom, most of the time he can, if he wishes, remain in a non-smoking area.

Absent extreme individual sensitivity, which Henderson does not allege, requiring a prisoner to breathe smoke-polluted air occasionally does not rise to the level of cruel and unusual punishment. The Supreme Court has noted that finding that exposure to ETS violates the Eighth Amendment

> requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to ETS. It also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. ... [T]he prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate.

*Helling*, 509 U.S. at 36. Limited exposure to second-hand smoke is a risk our society chooses to tolerate. Although the number of smoke-free workplaces are increasing, they are not required by law. Many Americans spend eight hours or more every day in the company of smokers, and Henderson's exposure is less than that. True, non-smoking workers can choose a non-smoking workplace, while Henderson cannot go to another dayroom. But Henderson has no constitutional right to recreation in the dayroom. To the extent Henderson is required to breathe the air in the dayroom from time to time, the court is not prepared to view as cruel and unusual punishment something many free persons willingly tolerate. Recently the Seventh Circuit addressed a case involving a prison water supply containing radium in excess of EPA standards -- a condition shared with 80 other Illinois water systems. The court observed:

> Poisoning the prison water supply or deliberately inducing cancer in a prisoner would be forms of cruel and unusual punishment, and might be even if the harm was probabilistic or future rather than certain and immediate, *Helling v. McKinney*, 509 U.S. 25 (1993). But failing to provide a maximally safe environment, one completely free from pollution or safety hazards, is not. [Citations] Many Americans live under conditions of exposure to various contaminants. The Eighth Amendment does not require prisons to provide prisoners with more salubrious air, healthier food, or cleaner water than are enjoyed by substantial numbers of free Americans. [Citations]

*Carroll v. DeTella*, ___ F.3d ___, 2001 WL 747342 at *2 (7th Cir. July 3, 2001).

5

No doubt it would be within the power of Sheridan administrators to ban smoking, relieving Henderson's discomfort at the price of depriving smokers of a drug that makes more tolerable the boredom and minor irritations of prison life. But absent a truly serious health risk, this sort of balancing of prisoners' interests is for prison administrators, not federal courts. This action is accordingly dismissed, and this dismissal counts as one of plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). The clerk shall send a copy of this order to the trust fund officer at Sheridan Correctional Center.

IT IS SO ORDERED.

James F. Holderman, Judge
United States District Court

DATED: 7-31-01